IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL KELLY SHAW, #A0712184, | ) ) ) | CIV. NO. 06-00473 HG-KSC |
| Plaintiff, | ) ) ) | ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915 |
| vs. | ) ) | |
| SGT. CHARLIE FIATOA, | ) ) | |
| Defendant. | ) ) | |

## ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915

*Pro se* plaintiff Michael Kelly Shaw filed this prisoner civil rights complaint on August 30, 2006. Shaw names Sergeant Charlie Fiatoa, a Halawa Correctional Facility Adult Corrections Officer as the sole defendant to this action. Shaw names Fiatoa in his official and individual capacities. For the following reasons, Shaw's Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### BACKGROUND

In Count I, Shaw claims that, on June 1, 2006, Fiatoa questioned him about when Shaw would return to his prison workline job. Shaw told Fiatoa that he was on medical leave, at which point Shaw alleges that Fiatoa said, "Get out of my office before I'll slap your [expletive deleted] face and kick your [expletive deleted] ass." (Compl. 4. ¶ 3.) Shaw claims that Fiatoa's threat frightened him, violating the Eighth Amendment.

In Count II, Shaw claims that, while he was pursuing his

administrative grievance over this incident, he was afraid that Fiatoa might threaten him again or retaliate against him by moving him to the Module 2, where he alleges prison gang members are housed.

In his request for relief, Shaw states "Sgt. Fiatoa should be [apprehended], to pay the price of the wrongness that he has done in the past and present.  This was an act of prejudice and frivolous reasons!  For him not to be allowed to keep any inmate from working at the medium kitchen."  (Compl. 7.)

## LEGAL STANDARD

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  The court must also dismiss a complaint or claim at any time, notwithstanding any fee that may have been paid, if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  Morrison v.

Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).

I.  Fiatoa is Entitled to Eleventh Amendment Immunity with Respect to Claims for Damages Against Him.

Shaw names Fiatoa in both his official and individual capacities.  Although it is unclear from the Complaint whether Shaw seeks damages, this Court lacks jurisdiction over any claims for damages against Fiatoa in his official capacity.  Those claims are barred by the Eleventh Amendment, which "prohibits

federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); <u>see also</u> <u>Idaho v. Coeur d'Alene Tribe</u>, 521 U.S. 261, 267-68 (1997). Fiatoa, as a state employee, is immune from suit for damages in his official capacity. *See* <u>Doe v. Lawrence Livermore Nat'l Lab.</u>, 131 F.3d 836, 839 (9th Cir. 1997). Claims for damages against Fiatoa in his official capacity are dismissed.

Eleventh Amendment immunity does not bar all claims against state officials in their official capacities, and it does not bar claims against state officials sued in their individual capacities. While state officials acting in their official capacities may not be sued in federal court for damages or violations of state law, they may be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 102 (1984); <u>Lawrence Livermore Nat'l Lab.</u>, 131 F.3d at 839.

The Eleventh Amendment is not a bar that may be cured by the filing of any amended complaint. While this order gives Shaw leave to submit an amended complaint, he may not reassert claims dismissed here as barred by the Eleventh Amendment. That is, Shaw may not reassert damage claims against Fiatoa in his official capacity.

4

II.  Count I Fails to State a Claim.

"[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To prevail on an Eighth Amendment claim, an inmate must show that the prison official's acts or omissions deprived him of the minimal, civilized measure of life's necessities, and that the prison official acted with deliberate indifference.  Lopez, 203 F.3d at 1133 (citation omitted).

"[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (a deprivation of "peace of mind" does not support a constitutional claim).  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

In Count I, Shaw claims that Fiatoa threatened to slap him if he did not leave Fiatoa's office.  There is no allegation that Fiatoa did, in fact, assault Shaw, or that there was any other threatening behavior.  Fiatoa's statement is insufficient to violate the Eighth Amendment.  Count I is DISMISSED for failure to state a claim.

5

III. <u>Count II Fails to State a Claim.</u>

In Count II, Shaw alleges that he was afraid that Fiatoa would threaten him again, or that he would retaliate against him by moving him to Module 2 where gang members are allegedly housed. Shaw's address of record, as represented on his Complaint, shows that he is currently housed in Module 3B4.

First, as discussed above, a threat alone does not give rise to a constitutional violation. Shaw's subjective fear of another *threat* of an assault, much less the fear of an assault itself, cannot not constitute a "sufficiently serious" injury adequate to state a claim under the Eighth Amendment. See <u>Doe v. Welborn</u>, 110 F.3d 520 (7th Cir. 1997) (the fear of assault was not "the kind of extreme and officially sanctioned psychological harm that [supports] a claim for damages under the Eighth Amendment"); <u>Babcock v. White</u>, 102 F.3d 267 (7th Cir. 1996) ("[h]owever legitimate [the prisoner's] fears may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment"); <u>Cruz v. Hillman</u>, Civ. No. 01-4169, 2002 WL 31045864 *8 (S.D.N.Y. May 16, 2002); <u>Hudson v. Greiner</u>, Civ. No. 99-12339, 2000 WL 1838324 *7 (S.D.N.Y. Dec. 13, 2000) (plaintiff's allegation that the prison administration knew that placing plaintiff in the general population could lead to his being injured, without an allegation of physical injury, was

insufficient to state an Eighth Amendment claim); Bolton v. Goord, 992 F. Supp. 604, 627 (S.D.N.Y. 1998) (evidence that plaintiffs "lived in fear of assault from their cellmates is not an objectively serious enough injury to support [an Eighth Amendment violation]").

Similarly, Shaw's subjective fear, based on one alleged statement from Fiatoa, that Fiatoa will transfer him to the gang module in retaliation for filing a grievance over the incident, clearly does not support a constitutional violation.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and (4) that such action chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Prisoners have a constitutionally-protected right to file grievances and to pursue civil rights litigation without

retaliation.  <u>Rhodes</u>, 408 F.3d at 567; <u>see also</u> <u>Hines</u>, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system); <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoner may not be penalized for exercising the right of redress of grievances).  A prisoner may not be penalized for the contents of a grievance, <u>Bradley</u>, 64 F.3d at 1279, nor may a prisoner be labeled a "snitch" in retaliation for filing grievances, <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989).  Because harm that is more than minimal will always have a chilling effect, an inmate need not expressly allege a chilling effect to have a viable claim of First Amendment retaliation. <u>Rhodes</u>, 408 F.3d at 567 n.11; <u>Valandingham</u>, 866 F.2d at 1138. And a chilling effect on a prisoner's constitutional right to file grievances is sufficient to raise a retaliation claim against prison officials.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

In order to state a claim for retaliation under § 1983, Shaw must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995); <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994).  Shaw has not done so.

First, Shaw does not claim that he has been retaliated for

8

exercising his right to file grievances, he alleges only that he is afraid that he might be retaliated against. From his Complaint, however, it is evident that (1) the alleged incident occurred on June 1, 2006, and (2) as of August 30, 2006, at least, Shaw was housed in Module 3B4, and had not been transferred to Module 2, Shaw's self-described "gang module." From Shaw's documents submitted with his Complaint, it is also clear that he was registering complaints against the prison to the State of Hawaii's Ombudsman, and to Congressman Ed Case, as early as March 2006, and that the HCF Warden, Clayton Frank, was aware of these claims. (See Shaw's Exs. A & B.) Nonetheless, no retaliatory transfer has yet occurred, nor does Shaw allege differently. As such, Count II is DISMISSED for failure to state a claim.

## CONCLUSION

IT IS HEREBY ORDERED THAT:

1.   Shaw's claims for damages against Fiatoa in his official capacity is DISMISSED with prejudice.

2.   Shaw's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A. Because it is not certain that Shaw is unable to amend his Complaint to state a claim,

        a.   Count I is DISMISSED with leave granted to amend.

        b.   Count II is DISMISSED with leave granted to amend.

3.   Shaw is GRANTED THIRTY DAYS LEAVE TO AMEND his

Complaint, if possible, to cure the deficiencies discussed above. **Failure to file an amended complaint within thirty days of this order will result in AUTOMATIC DISMISSAL of this action with prejudice pursuant to 28 U.S.C. § 1915A. Such a dismissal shall count as one strike pursuant to 28 U.S.C. § 1915(g).**

4. If Shaw decides to amend the Complaint in accordance with this order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule 10.3. The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

5. The Clerk is DIRECTED to send Shaw a prisoner civil rights complaint form. The Clerk is further DIRECTED to forward a copy of this order to Shaw; to the Department of Public Safety's designee Thomas L. Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814; and to Mark J. Bennett, Attorney General of the State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; September 18, 2006.



 **/s/ Helen Gillmor**
Chief United States District Judge

SHAW v. FIATOA, CIV. NO. 06-00473 HG-KSC; ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915; dmp\Screening Orders 06\ Shaw 06-473(dsm C FTSC)